UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                :

LANDON ROTHSTEIN, ET AL.,
                Plaintiffs,

     -v-

GMAC MORTGAGE, LLC, ET AL.,
                Defendants.

-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 0 3 2014

12 Civ. 3412 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Defendants Balboa Insurance Company ("BIC"), Meritplan Insurance Company ("MIC"), and Newport Management Corporation ("NMC") move to certify for interlocutory appeal the September 30, 2013, Opinion & Order granting in part and denying in part their motion to dismiss. Dkt. No. 71. In particular, Defendants seek review of the Court's conclusion that the filed rate doctrine does not bar Plaintiffs' claims. *See* Dkt. No. 72, at 1. For the reasons that follow, the motion is granted.

## I. BACKGROUND

    This is a putative class action alleging that "Defendants engaged in unlawful practices relating to the . . . lender-placed insurance process." *Rothstein v. GMAC Mortg., LLC*, No. 12 Civ. 3412 (AJN), 2013 WL 5437648, at *2 (S.D.N.Y. Sept. 30, 2013) (*Rothstein I*). In particular, Plaintiffs allege that (1) mortgage loan servicer GMAC Mortgage LLC ("GMACM") "had an agreement with BIC/MIC whereby GMACM would purchase [lender-placed insurance ("LPI")] for the loans it serviced from BIC/MIC and that BIC/MIC would then provide GMACM with kickbacks;" and (2) GMACM "bill[ed] Plaintiffs for the full cost of the LPI it had originally

1

paid to BIC/MIC, rather than billing them for the post-kickback cost that GMACM had effectively paid for that LPI." *Id.* at *3.

On September 30, 2013, the Court issued an Opinion & Order ("September 30 Order") granting in part and denying in part Defendants' motion to dismiss the Second Amended Complaint. *Rothstein I*, 2013 WL 5437648. Among other things, the Court "conclude[d] that Defendants ha[d] not demonstrated that dismissal [was] appropriate . . . pursuant to the filed rate doctrine," finding that the doctrine does not apply where the challenged rate is one imposed upon the plaintiffs by a third party that has acquired insurance at a filed rate, and not directly by the insurer itself. *See id.* at *4-9 ("[T]he court cannot conclude that the amounts billed to Plaintiffs for the cost of an insurance agreement between GMACM and BIC/MIC is 'subject to the regulatory scheme in the same way that insurance rates are.'") (quoting *Gallo v. PHH Mortg. Corp.*, 916 F. Supp. 2d 537, 546 (D.N.J. 2012); *Simpkins v. Wells Fargo Bank, N.A.*, No. 12 Civ. 0768, 2013 WL 4510166, at *14 (S.D. Ill. Aug. 26, 2013)). In the view of the Court, Plaintiffs' allegations represented "not so much . . . a challenge to the legal rates charged, but rather . . . a challenge to the manner in which the defendants select the insurers, the manipulation of the force-place insurance policy process, and the impermissible kickbacks included in the premiums." *Id.* at *6 (quoting *Simpkins*, 2013 WL 451066, at *14).

## II. DISCUSSION

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Section 1292(b), however, provides a limited exception to this general rule and authorizes the district court to certify an order for interlocutory appeal when: (1) the order "involves a controlling question of law;" (2) "there is substantial

ground for difference of opinion" as to that question of law; and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[D]istrict courts should 'exercise great care in making a § 1292(b) certification,'" which is generally "warranted only in the limited circumstance where 'an intermediate appeal may avoid protracted litigation.'" *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 907 F. Supp. 2d 492, 526 (S.D.N.Y. 2012) (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992); *Koehler*, 101 F.3d at 866). Applying this standard, the Court finds that certification is appropriate in this case.

First, the September 30 Order "involves a controlling question of law," as required by § 1292. If the filed rate doctrine does indeed apply to amounts charged as cost reimbursements based on filed rates, even if those amounts are not themselves filed and approved rates, and are further alleged to have been manipulated to include the cost of kickbacks, then Plaintiffs' action would be barred and the case would be terminated. *Cf. Decambaliza v. QBE Holdings, Inc.*, No. 13-cv-286, 2013 WL 5777294, at *4-8 (W.D. Wisc. Oct. 25, 2013) (applying filed rate doctrine to dismiss RICO claims under these circumstances). Because reversal on this question of law "would terminate the action," it is "controlling" for purposes of § 1292(b). *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (citing J. Moore & B. Ward, 9 Moore's Federal Practice ¶ 110.22[2], at 268 (1990)).

The Court is not persuaded otherwise by Plaintiffs' assertion that the issue is "fact-intensive" and presents a "mixed issue[] of law and fact" or "the application of law to fact." Pl. Opp. 13-14. Although Plaintiffs point to many cases in which application of the filed rate doctrine required resolution of disputed facts, *see* Pl. Opp. 14, they identify no particular

3

disputed factual questions that "would require the Second Circuit to delve deeply into the record"
in *this case*, Pl. Opp. 17. As the Court emphasized in the September 30 Order, "[t]here is no
dispute that the relevant rate charged by BIC/MIC for the insurance was filed and approved," nor
is there any dispute "that had Plaintiff purchased hazard insurance from BIC/MIC at these same
rates, the filed rate doctrine would bar them from challenging those rates." *Rothstein I*, 2013 WL
5437648, at *6. Rather, the question is whether the "purchase and forced-imposition of the rates
that BIC/MIC filed and had approved is functionally equivalent to Plaintiffs purchasing hazard
insurance from BIC/MIC directly" for purposes of the filed rate doctrine, particularly where
those imposed rates are alleged to include the cost of kickbacks. *Id.* This is a controlling legal
question that is appropriate for interlocutory appeal.

Second, "there is substantial ground for difference of opinion" as to the question of law
sought to be appealed, which is not only "difficult and of first impression," but also subject to
"conflicting authority." *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 74 (S.D.N.Y. 2007)
(citing *In re XO Communications, Inc.*, Nos. 02 Civ. 12947, 03 Civ. 1898, 2004 WL 360547, at
*3 (S.D.N.Y. Feb. 26, 2004); *Morris v. Flaig*, 511 F. Supp. 2d 282, 312 (E.D.N.Y. 2007)). The
applicability of the filed rate doctrine under these circumstances presents a "nuanced
question[],"*Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 608 (7th Cir. 2013), particularly in
light of the absence of any Second Circuit authority on this issue. As recognized in the
September 30 Order, moreover, "a number of courts in districts across the country have recently
confronted this same question" and reached different results, *Rothstein I*, 2013 WL 5437648, at
*6-7 (collecting cases); indeed, subsequent to this Court's September 30 Order, two courts in this
district have applied the filed rate doctrine in the context of challenges to force-place insurance
practices, *see Miller v. Wells Fargo Bank, N.A.*, -- F. Supp. 2d --, No. 13 Civ. 1541 (VB), 2014

WL 349723, at *7-8 (S.D.N.Y. Jan. 30, 2014) (rejecting argument that defendant lender "cannot rely on the filed rate doctrine because the bank is not subject to [the rate-making authority's] administrative oversight"); *Curtis v. Cenlar FSB*, No. 13 Civ. 3007 (DLC), 2013 WL 5995582, at *3-4 (S.D.N.Y. Nov. 12, 2013) (applying filed rate doctrine to bar homeowner's challenge to being billed for cost of wind coverage by his lender).  Accordingly, the Court finds there to be substantial ground for a difference of opinion for purposes of § 1292(b).

Third, the Court finds that certification of the September 30 Order for interlocutory appeal "has the potential to advance materially the final termination of this litigation." *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11 Civ. 5994 (CM), 2012 WL 2952929, at *8 (S.D.N.Y. July 18, 2012) (internal citation omitted).  As previously discussed, reversal on the issue sought to be appealed would result in dismissal of this litigation.  Litigation in this matter, moreover, may be of long duration: Plaintiffs' motion for class certification has yet to be filed, and discovery is not set to close until 120 days after that motion is resolved, with dispositive motions due 180 days after that.  *See* Dkt. No. 66.  Because some of this protracted litigation might be avoided by an immediate appeal, the Court finds that the third prong of § 1292(b) has been met and certifies the September 30 Order for interlocutory appeal.  *See Gulino*, 907 F. Supp. 2d at 526.

The Court's conclusion that certification is appropriate is not altered by Plaintiffs' insistence that the motion, which was filed 52 days after the order was issued, is untimely.  *See* Pl. Opp. 10.  As Plaintiffs acknowledge, § 1292(b) sets no deadline for certification.  Pl. Opp. 10. Nor have Plaintiffs identified any cases in which a motion for certification of an interlocutory appeal was denied as untimely when filed less than two months after the order sought to be appealed.  *See* Pl. Opp. 11 ("Requests made after delays of *as little as two months* have been held

to be untimely.") (emphasis added).  Defendants' motion, moreover, was filed promptly after

Judge Cote's November 12, 2013, decision in *Curtis v. Cenlar FSB*, 2013 WL 5995582, which

applied the filed rate doctrine to bar claims in the force-place insurance context.  *See* Dkt. No. 71

(filed on November 22, 2013).  Under these circumstances, the Court finds that the timing of

Defendants' motion does not mandate its denial.

## III. CONCLUSION

  For the foregoing reasons, Defendants' motion is GRANTED.  This resolves Docket

Number 71.

  SO ORDERED.

Dated: April _____, 2014
   New York, New York

               _____
                ALISON J. NATHAN
               United States District Judge